IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jamie McFadden, | Case No.: 2:20-cv-00978-JD |
|       Plaintiff, | |
| vs. | **OPINION & ORDER** |
| Warden Glenn; Major Golden; Lt. Suggs; Officer Bright; and Captain Duncan, | |
|       Defendants. | |

This matter is before the Court with the two Reports and Recommendations of United States Magistrate Mary Gordon Baker, III (DE 28 and DE 37) (collectively "Reports and Recommendations"), made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1]  Jamie McFadden ("McFadden" or "Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his Eighth Amendment rights by failing to protect him and delaying/denying his medical treatment.

On March 9, 2020, McFadden filed a Complaint naming Warden Glenn, Major Golden, Cpt. Duncan, Lt. Suggs, and Officer Bright (collectively "Defendants") as Defendants. (DE 1.) On January 29, 2021, the Magistrate Judge issued an Order notifying the Plaintiff that portions of his pleading were subject to summary dismissal for failure to state a claim. (DE 28.)  In particular,

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

the Magistrate warned the Plaintiff that Defendants Glenn and Golden would be summarily dismissed from this action if he did not provide sufficient factual allegations showing their personal involvement in the purported deprivation of his constitutional rights. (DE 28.)

Although McFadden filed an Amended Complaint on January 29, 2021 (DE 23), he has not amended or resolved the deficiencies identified by the Magistrate. On April 7, 2021, the Magistrate issued an Order notifying Plaintiff that his Summons for Officer Bright was returned, unexecuted, because "SCDC OGC" could not find this defendant. (DE 34.) The Magistrate further ordered that Defendant Officer Bright may be dismissed as a party Defendant if this individual is not served with process within the requisite 90-day period, by May 3, 2021. See Rule 4(m), Fed. R. Civ. P; see also DE 26.

On May 7, 2021, a Report and Recommendation was issued, recommending that Plaintiff's claims against Defendant Officer Bright be dismissed without prejudice for lack of prosecution, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

McFadden filed no objections to the Reports and Recommendations. In the absence of objections to the Reports and Recommendations, this Court is not required to give any explanation for adopting the recommendations. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

After a thorough review of the Reports and Recommendations and the record in this case, the Court adopts the Reports and Recommendations and incorporates them herein.

It is, therefore, **ORDERED** that Plaintiff's claims against Defendants Glenn and Golden are dismissed with prejudice and Plaintiff's claims against Defendant Bright is dismissed without prejudice.

**IT IS SO ORDERED.**

_____
Joseph Dawson, III
United States District Judge

Greenville, South Carolina
July 16, 2021


**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

3