IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Jamie McFadden, | ) | Case No.: 2:20-cv-00978-JD-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Lt. Suggs, Captain Duncan, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Mary Gordon Baker ("Report and Recommendation"), made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Jamie McFadden ("McFadden" or "Plaintiff"), proceeding *pro se* and *in forma pauperis*, brought this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983.  (DE 1.)

On September 10, 2021, Defendants Lt. Suggs and Captain Duncan ("collectively "Defendants") filed a Motion for Summary Judgment alleging Plaintiff has failed to state a claim for which relief may be granted and there are no genuine issues of material fact.  (DE 49.)  The Magistrate issued a Roseboro Order on September 13, 2021, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), advising the Plaintiff of the motion and the possible consequences if he failed to adequately respond.  (DE 50.)  Plaintiff did not file a response to Defendants' Motion for Summary Judgment.

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

Recently, certain Court filings have been returned as undeliverable with the message that the post office is unable to forward. (DE 44; DE 48.) Thus, it appears Plaintiff is no longer located at his address of record. However, the Court is not aware of any other address at which Plaintiff may be found. On March 19, 2020, the Court issued an Order advising Plaintiff, among other things, to advise the Court of any changes of address. (DE 6, pp. 3-4.) Based on the foregoing, it appears Plaintiff no longer wishes to pursue this action. The Report and Recommendation was issued on October 19, 2021, recommending the case be dismissed with prejudice. (DE 52.)

Plaintiff filed no objections to the Report and Recommendation. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Upon review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein by reference.

It is, therefore, **ORDERED** that this action is dismissed with prejudice for lack of prosecution and failure to comply with this Court's orders, pursuant to Rule 41(b), Fed. R. Civ. P.

      **IT IS SO ORDERED.**

                                    Joseph Dawson, III
                                    United States District Judge

Greenville, South Carolina
December 15, 2021

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that she has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.